# Nos. 09-2230 & 09-2231

# In the United States Court of Appeals for the Third Circuit

IN RE: FEDERAL-MOGUL GLOBAL, ET AL.

CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, ET AL.,

*Appellants,*

v.

FEDERAL-MOGUL GLOBAL INC., ET AL.,

*Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
(Nos. 08-0229 and 08-0230, Rodriguez, J.)

**APPELLANTS' MOTION TO HOLD PROCEEDINGS IN ABEYANCE PENDING THIS COURT'S DECISION IN**
*IN RE GLOBAL INDUSTRIAL TECHNOLOGIES, INC.*

Seth P. Waxman
Craig Goldblatt
Danielle Spinelli
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Ave., N.W.
Washington, D.C. 20006
(202) 663-6000

*Counsel for Appellants Hartford Accident and Indemnity Company, First State Insurance Company, and New England Insurance Company*

*Additional Appellants and Counsel Indicated in Signature Block*

Pursuant to Fed. R. App. P. 27, Appellants[1] respectfully move this Court to stay the above-captioned consolidated appeals in *In re Federal-Mogul Global, et al.* (the "*FM* appeal"), pending a decision by this Court in *In re Global Industrial Technologies, Inc.,* No. 08-3650 (the "*GIT* appeal"), on the grounds that the *GIT* appeal, which is scheduled to be argued before this Court on May 21, 2009, presents substantially the same issue presented in the *FM* appeal and there is a substantial likelihood that the holding in the *GIT* appeal will be dispositive of the *FM* appeal. In support of this motion, Appellants state as follows:

1.　　The *FM* appeal challenges an order of the U.S. District Court for the District of Delaware holding that Section 1123(a) of the Bankruptcy Code, 11 U.S.C. §1123(a), expressly preempts provisions in insurance policies issued by the insurer Appellants providing that rights under the policies cannot be assigned absent the insurers' consent.

2.　　The *GIT* appeal also presents the issue whether §1123(a) of the

---

[1] "Appellants" are Hartford Accident and Indemnity Company, First State Insurance Company, and New England Insurance Company (collectively, "Hartford"); Allianz Global Corporate & Specialty AG (as successor-by-partial-merger to Allianz Versicherungs AG as to Policy No. H. 0 001 456); Allianz Global Risks U.S. Insurance Company (f/k/a Allianz Insurance Company); and Allianz Underwriters Insurance Company (f/k/a Allianz Underwriters, Inc.) (collectively, "Allianz"); Columbia Casualty Company, Continental Casualty Company, The Continental Insurance Company, Both In Its Individual Capacity and As Successor To Certain Interests of Harbor Insurance Company (collectively, "CNA Entities"); Fireman's Fund Insurance Company and National Surety Company (collectively, "Fireman's Fund"), and Certain Underwriters at Lloyd's, London and Certain London Market Companies (collectively, "London Market Insurers").

Bankruptcy Code expressly preempts provisions in insurance policies issued by the insurer appellants restricting assignment of rights under the policies absent the insurers' consent. The *GIT* appeal has been fully briefed and is scheduled for oral argument before this Court on May 21, 2009, meaning that it is virtually certain to be decided during the pendency of the *FM* appeal.

3. This Court's ruling on the preemption issue presented in the *GIT* appeal may well prove dispositive of the preemption issue presented in the *FM* appeal. Even if it did not, this Court's analysis in *GIT* will, at a minimum, be highly relevant to the issues presented in the *FM* appeal. Because the *GIT* appeal is about to be argued, and briefing in the *FM* appeal has not yet begun, efficiency and judicial economy warrant holding the proceedings in the *FM* appeal in abeyance pending this Court's decision in the *GIT* appeal.

5. The U.S. Supreme Court has held that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Bechtel Corp. v. Local 215 Laborers' Int'l Union of North America*, 544 F.2d 1207, 1215 (3d Cir. 1976) (citing *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936)). A court may, in its discretion, suspend one lawsuit pending the outcome of another which may substantially affect it or be dispositive of the issues. *Id.*

6. Holding further proceedings in the *FM* appeal in abeyance pending resolution of the potentially dispositive *GIT* appeal will save the time and expense associated with briefing the *FM* appeal before *GIT* is decided, and then potentially having to rebrief the issues in light of *GIT*. It will thus be beneficial to the Court and to the parties. Moreover, the impending oral argument in the *GIT* appeal means that holding the *FM* appeal in abeyance until *GIT* is decided will not significantly delay the Court's resolution of the *FM* appeal. Indeed, because it will ensure that the Court requires only one round of briefing, it may well result in this Court being able to resolve the *FM* appeal more expeditiously—and certainly more efficiently. In addition, because the *FM* plan of reorganization has already been consummated, if any delay in resolution of this matter were to result, no prejudice to any party would result from the delay.

7. Appellants accordingly respectfully request that this Court hold further proceedings in the above-captioned appeals in abeyance pending a decision by this Court in the *GIT* appeal.

Respectfully submitted,

*Hartford Accident and Indemnity Company, First State Insurance Company, and New England Insurance Company*

/s/ Danielle Spinelli
Seth P. Waxman
Craig Goldblatt

Danielle Spinelli
WILMER CUTLER PICKERING
　HALE AND DORR LLP
1875 Pennsylvania Ave., NW
Washington, D.C. 20006
Tel: (202) 663-6000

-and-

William J. Bowman
James R. Ruggeri
Edward B. Parks, II
HOGAN & HARTSON, L.L.P.
555 Thirteenth Street, N.W.
Washington, D.C. 20004
Tel: (202) 637-5600


*Allianz Global Corporate & Specialty AG (as successor-by-partial-merger to Allianz Versicherungs AG as to Policy No. H. 0 001 456); Allianz Global Risks U.S. Insurance Company (f/k/a Allianz Insurance Company); and Allianz Underwriters Insurance Company (f/k/a Allianz Underwriters, Inc.)*

/s/ James S. Yoder
James S. Yoder
WHITE AND WILLIAMS LLP
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
Tel: (302) 467-4524

-and-

Elit R. Felix, II
MARGOLIS EDELSTEIN

The Curtis Center, Suite 400E
170 S. Independence Mall W.
Philadelphia, PA 19106-3337
Tel: (215) 931-5870

*Columbia Casualty Company, Continental Casualty Company, The Continental Insurance Company, Both In Its Individual Capacity and As Successor To Certain Interests Of Harbor Insurance Company*

*[signature]*
David C. Christian II
SEYFARTH SHAW LLP
131 S. Dearborn Street, Suite 2400
Chicago, Illinois 60603
Tel (312) 460-5000

*Fireman's Fund Insurance Company and National Surety Company*

*[signature]*
John D. Demmy
STEVENS & LEE, P.C.
1105 North Market Street, 7th Floor
Wilmington, DE 19801
Tel: (302) 425-3308

-and-

Leonard P. Goldberger
STEVENS & LEE, P.C.
1818 Market Street, 29th Floor
Philadelphia, PA 19103
Tel: (215) 864-7000

*Certain Underwriters at Lloyd's, London and Certain London Market Companies*

Richard W. Riley
DUANE MORRIS, LLP
1100 N. Market Street, Suite 1200
Wilmington, DE 19801

-and-

Russell Roten
DUANE MORRIS, LLP
633 W. 5th Street, Suite 4600
Los Angeles, CA 90071

-and-

Eileen T. McCabe, Esquire
Mendes & Mount, LLP
750 Seventh Avenue
New York, NY 10019-6829
Tel: (212) 261-8283

-and-

Michael A. Shiner, Esquire
Tucker Arensberg, P.C.
1500 One PPG Place
Pittsburgh, PA 15222
Tel: (412) 594-5596

Dated: May 19, 2009